**Sirleaf v Soel Lounge Inc.**

2023 NY Slip Op 34585(U)

December 14, 2023

Supreme Court, Kings County

Docket Number: Index No. 521395/2021

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of
the State of New York held in and for the
County of Kings at 360 Adams Street,
Brooklyn, New York, on the ⎽14th⎽ day of
⎽December⎽ 2023.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

---------------------------------------------------------------------X

AIDA A. SIRLEAF,

                    Plaintiff(s)

     -against-

SOEL LOUNGE INC. D/B/A EMBASSY LOUNGE,

                 Defendant(s)

---------------------------------------------------------------------X

**Index No**: 521395/2021
Motion Seq. 1-2

**ORDER**

| The following e-filed papers read herein: | NYSCEF Nos.: |
|---|---|
| Notice of Motion/Affirmation in Support/Affidavits Annexed Exhibits Annexed/Reply……….. | 5-24; 44-46 |
| Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed………… | 30-35 |
| Notice of Motion/Affirmation in Support/Affidavits Annexed Exhibits Annexed……….. | 25-29 |
| Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed………… | 37-43 |

In this action, Soel Lounge Inc. D/B/A Embassy Lounge ("Defendant") moves (Motion Seq. 1) for an order pursuant to CPLR 3211(a)(5) dismissing Aida A. Sirleaf's ("Plaintiff") complaint on the grounds of res judicata and collateral estoppel. Defendant also moves for an order pursuant to CPLR 3211(a)(4) dismissing Plaintiff's complaint on the ground of duplicative litigation because there is another action pending between the same parties for the same cause of action. In the event that Defendant's motion is denied, Defendant requests an extension of time to file an answer to the complaint. Plaintiff has opposed the motion on the ground that CPLR 205 permits refiling of a lawsuit that was not dismissed on the merits. Plaintiff moves (Motion Seq. 2) for a default judgment against Defendant for failure to appear and/or serve an answer in this action. Defendant has opposed the motion on the ground that Plaintiff does not have standing to proceed with a motion for a default judgment as there has not been a decision on Defendant's motion pursuant to CPLR 3211(g)(3).

    This action arises out of an incident on October 26, 2018 wherein Plaintiff sustained injuries at a night club located at 33-02 Queens Boulevard in Long Island City, New York. On or about May 22, 2019, Plaintiff commenced an action to recover damages under Index #

[* 1]

511424/2019 ("Action 1"). Issue was joined in Action 1 with Defendant Soel Lounge Inc. by service of an Answer on or about November 5, Additionally, issue was joined with Defendant Keisha Taylor ("Taylor"), in Action 1 by service of an Answer with Counterclaims on or about January 31, 2020 (See, Exhibit "C"). An Answer to Defendant Soel Lounge's cross-claims was also interposed by Defendant Taylor, in Action 1 on or about January 31, 2020. On or about June 2, 2020, a third-party action was commenced in Action 1 against American Fire & Security Inc. ("AFS") and issue was joined in Action 1 with Third-Party Defendant, AFS by service of an Answer on or about October 9, 2020.

On January 6, 2021, Defendant filed a motion to dismiss Plaintiff's complaint in Action 1 and to preclude Plaintiff from offering evidence and testimony at the time of the trial in Action 1 for failure to provide court ordered discovery. On February 9, 2021, Judge Knipel issued an order in Action 1 granting Defendant's motion to the extent that discovery was directed to be served by a date certain, and that failure to comply with the order "will result in the Plaintiff being precluded from offering evidence without the need for further motion, pursuant to CPLR 3126 (2) without further order." On April 20, 2021, as a result of Plaintiff not complying with Judge Knipel's order, Defendant moved for summary judgment in Action 1 based on the fact that Plaintiff would not be able to make out a prima facie case as a result of the preclusion language in the order. On August 9, 2021, Judge Rothenberg issued an order granting Defendant's summary judgment motion and dismissed Plaintiff's case against Defendant. On August 19, 2021, the Plaintiff filed a Notice of Appeal and a motion to renew and reargue on September 15, 2021, which was denied by the court on March 1, 2023. Plaintiff has also appealed that decision on March 17, 2023, which is still pending a decision.

Plaintiff has commenced this instant action ("Action 2") seeking to recover damages for personal injuries sustained as a result of Defendant's alleged negligence on October 26, 2018, at a night club located at 33-02 Queens Boulevard in Long Island City, New York. In support of its motion, Defendant argues that this matter has been previously adjudicated to a final resolution in Action 1 and that Judge Rothenberg's order constitutes a final decision on the merits. Defendant states that Plaintiff has asserted identical allegations in both actions between the same parties and that the doctrines of res judicata and collateral estoppel now bar Plaintiff's claims from being relitigated. Defendant states that Action 1 is still pending, as Plaintiff has filed motions to renew and reargue and to appeal. In opposition, Plaintiff argues that Action 1 was dismissed

[* 2]

procedurally rather than on the merits and therefore Plaintiff is permitted to refile the lawsuit pursuant to CPLR 205. Plaintiff states that Judge Rothenberg's order did not state that the matter was dismissed with prejudice or that dismissal was based on a general pattern of delay on Plaintiff's behalf and therefore her decision was a procedural outcome resulting from the failure to comply with court orders and not a determination of the underlying legal claims on their merits, thus res judicata and collateral estoppel are inapplicable. Plaintiff claims that the instant action was properly filed well within 6 months of the order dated August. 9, 2021 and that the Defendant was timely served on November 8, 2021.

If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period (CPLR 205[a]). The Court of Appeals has held that dismissal of an action for failure to comply with discovery orders is a dismissal 'for neglect to prosecute the action' within the meaning of CPLR 205[a] (*Andrea v Arnone, Hedin, Casker, Kennedy, and Drake, Architects and Landscape Architects, P.C.*, 5 NY3d 514 [2005]; *Sperry Associates Federal Credit Union v John*, 218 AD3d 707 [2d Dept. 2023]; *Morrero v Crystal Nails*, 114 AD3d 101 [2d Dept. 2013]).

Under the doctrine of res judicata a final disposition on the merits bars litigation between the same parties or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (*Josey v Goord*, 7 N.Y.3d 386 [20007]; *Blue Sky, LLC v Jerry's Self Storage, LLC*, 145 A.D.3d 945 [2d Dept. 2016]). For res judicata, privity includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly co-parties to a prior action (Restatement, Judgments 81-90; *Watts v Swiss Bank Corp.*, 27 N.Y.2d 270 [2d Dept. 1970]). Res judicata may only apply when there is a final judgment on the merits in the first action (*In re Hunter*, 4 N.Y.3d 260 [2005]; *Hae Sheng Wang v Pao-Mei Wang*, 96 A.D.3d 1005 [2d Dept. 2012]). In instances when a dismissal of a claim occurs prior to the close of a

3

[* 3]

proponent's evidence, the dismissal will not be deemed to be on the merits so as to preclude the commencement of a second action (see CPLR 5013; *Maitland v Trojan Elec. & Mach. Co.,* 65 N.Y.2d 614 [1985]). Thus, where a party's noncompliance with a disclosure order does not result in a dismissal with prejudice or an order of preclusion or summary judgment in favor of the other party so as to effectively close that party's proof, a dismissal resulting from the noncompliance is not a determination on the merits so as to bar the commencement of a second action pursuant to the doctrine of res judicata (*Maitland* at 615-616; *Daluise v Sottile,* 40 A.D.3d 801 [2d Dept. 2007]).

Under the doctrine of collateral estoppel, a party is precluded from 'relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same (*Ryan v New York Telephone Co.,* 62 N.Y.2d 494 [1984]; *Vitello v Amboy Bus Co.,* 83 A.D.3d 932 [2d Dept. 2011]; *Arcamone-Makinano v Perlmutter,* 196 A.D.3d 479 [2d Dept. 2021]). The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action (*Parker v Blauvelt Volunteer Fire Co., Inc.,* 93 N.Y.2d 343 [1999]; *Arcamone-Makinano* at 480). Privity, as a requirement of collateral estoppel, may be found where a nonparty to prior litigation has a relationship with a party to the prior litigation such that his or her own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation [*D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 N/Y/2d 659 [1990]; *New York State Thruway Authority v Ketco, Inc.,* 195 A.D.3d [2d Dept. 2021]).

Here, the court finds that the order precluding Plaintiff from being able to offer evidence at the time of trial as well as Plaintiff's noncompliance with Judge Knipel's discovery order in which resulted in Judge Rotenberg granting summary judgment in favor of Defendant in Action 1 constitue a final determination on the merits for the purposes of res judicata. As stated by the Appellate Division, while public policy favors the resolution of cases on the merits, a court may strike a pleading as a sanction if a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed. This drastic remedy is appropriate in instances where there is a clear showing that the failure to comply with discovery orders was willful and continuous. Additionally, the Court of Appeals has held that the

4

[* 4]

failure to comply with discovery orders warrants dismissal for neglect to prosecute the action. Contrary to Plaintiff's contention, while Judge Rotenberg's August 16, 2021, order did not state that the matter was dismissed with prejudice, it is well settled that an order entered on a motion for summary judgment constitutes a disposition on the merits and accordingly is entitled to preclusive effect for purposes of res judicata or collateral estoppel (*Bayer v City of New York*, 115 AD3d 897 [2d Dept. 2014]; *Methal v City of New York*, 50 AD3d 654 [2d Dept. 2008]). Moreover, the court found that the conditional order of preclusion became absolute as a result of Plaintiff's failure to provide discovery and that Plaintiff failed to meet her burden to avoid the adverse effect of the conditional order of preclusion, as she did not demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious cause of action. In denying Plaintiff's motion to renew and reargue, the court found that Plaintiff failed to establish that the court misapprehended the law or the facts in granting the prior motion for summary judgment dismissing the complaint. Thus, the matter has been adjudicated to a final resolution in Action 1.

It is undisputed that the causes of action alleged here arise from the same transaction or series of transactions as those in Action 1 and therefore all claims raised herein could have and should have been raised in Action 1 and are subsequently barred from being relitigated. It is also undisputed that the same parties are involved in both actions and that Action 1 is currently still active warranting dismissal pursuant to CPLR 3211(a)(4).

Accordingly, it is hereby,

ORDERED, that Defendant's motion to dismiss Plaintiff's complaint is granted, and it is further,

ORDERED, that Plaintiff's motion is denied as moot.

Issues not addressed are either moot or without merit.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph J.S.C.

**Hon. Ingrid Joseph**
**Supreme Court Justice**

5